UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITIMORTGAGE, INC.

    VS                    CA NO. 19-CV-604-MSM-LDA

PAUL O. BOGHOSSIAN, III et al

## ANSWER OF DEFENDANTS

1. Denied

2. Admit

3. Admit

4. Admit

5. Admit

6. Admit

7. Admit

8. Admit

9. Admit

10. Admit

11. Denied that there is jurisdiction in regard to Count I, Count II and Count IV. The amount in controversy in regard to these counts is less than $75,000.00.

12. Admit

13. Admit

14. Denied

15. Admit

16. Admit

17. Admit

18. Admit

19. Admit

20. Admit that a promissory note was signed. Denied that the promissory note is a true and genuine copy. Denied as to all other allegations of the paragraph. Denied that the promissory note was made payable to Plaintiff.

21. Admit that a note was signed. Denied that Exhibit A is a copy of the note. Denied that the note was payable to the Order of Plaintiff.

22. Denied

23. Denied

24. Denied.

25. Denied

26. Admitted that a Petition for an Administrative Subdivision was filed with the Town of Jamestown. Denied as to the remainder of this paragraph.

27. Admit that the Town of Jamestown took certain action regarding the subdivision. Denied as to the remainder of the paragraph.

28. Denied

29. Admit that this deed has been recorded and contains certain language. Denied as to any interpretation of the deed or the remainder of this paragraph.

30. Admit

31. Admit that this deed has been recorded and contains certain language. Denied as to any interpretation of the deed or the remainder of this paragraph.

32. Admit

33. Admit that this deed has been recorded and contains certain language. Denied as to any interpretation of the deed or the remainder of this paragraph.

34. Admit

35. Admit that this deed has been recorded and contains certain language. Denied as to any interpretation of the deed or the remainder of this paragraph.

36. Denied

37. Admit that payment on the note is in arrears. Denied that a default pursuant to the terms of the mortgage has been declared.

38. Denied

39. Denied that a default has been declared pursuant to the terms of the mortgage.

40. The responses to paragraphs 1-39 are restated.

41. Denied

42. Denied

43. Denied

44. Denied

45. Denied

46. This is not an allegation but is a request for relief and is Denied.

47. The responses to paragraphs 1-46 are restated.

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. This is not an allegation but is a request for relief and is Denied.

57. The responses to paragraphs 1-56 are restated.

58. Admit that the parties which signed the mortgage and note are in arrears, Denied as to the remainder of this paragraph

59. Denied

60. Denied

61. The responses to paragraphs 1-60 are restated.

62. Denied

63. Denied

**First Affirmative Defense**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff has no interest in the note or the mortgage as the owner of the note was identified by the subservicer of the mortgage loan, Cenlar, on July 29, 2019 responded to a Truth In Lending Request and a Request for Information on July 29, 2019 and identified Manufacturers and Traders Trust A/k/a M & T Bank s/b/m Hudson City Bank as the owner of the mortgage note, as indicated by Exhibit A attached to this Answer.

### Third Affirmative Defense

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

### Fourth Affirmative Defense

Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

### Fifth Affirmative Defense

The promissory note was never endorsed and negotiated pursuant of the provisions of the Uniform Commercial Code.

### Sixth Affirmative Defense

Plaintiff did not accelerate the mortgage pursuant to the terms of the mortgage, prior the filing of this action.

### Seventh Defense

The provisions of paragraph 22 of the mortgage were not complied with before any alleged acceleration of the loan was declared.

### Eighth Affirmative Defense

Plaintiff has failed to provide an original endorsed promissory note and mortgage as to file a foreclosure suit.

### Ninth Affirmative Defense

The Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that the Plaintiff purported to assert. The allegations asserted as true were not sworn to under oath.

### Tenth Affirmative Defense

The amount in controversy regarding any claims against Jennifer Boghossian and Paul Boghossian regarding the lot referenced in Counts I, II and IV and any foreclosure in Count III against this lot do not support diversity jurisdiction as the property in question has a value less than $75,000.00.

### Eleventh Affirmative Defense

The owner of the note and mortgage has not been joined in this action.

### Twelfth Affirmative Defense

The Plaintiff lacks standing to enforce the zoning ordinance of the Town of Jamestown.

### Thirteenth Affirmative Defense

The Plaintiff has not alleged that it is the owner of the mortgage and note and is entitled to any proceeds from the promissory note.

### Fourteenth Affirmative Defense

The complaint seeks relief for a nonexistent and speculative harm which has not occurred.

**Fifteenth Affirmative Defense**

Book 503 Page 105A was not attached to the mortgage when the Defendants signed the document. It was attached by a third party after the document was originally recorded in the Land Evidence records of the Town of Jamestown on October 2, 2002 and after October 3, 2003 at 8:40 AM when a document was recorded on October 3, 2003 at Book 503 Page 106. A copy of this document is attached as Exhibit B. This page was added because when the document was recorded on October 2, 2002, it did not contain a description of the property conveyed.

**Sixteenth Affirmative Defense**

Exhibit B, referenced as a mortgage, did not grant any property to Plaintiff. No description was attached to it when it was executed and the grantee in the purported mortgage was Citimortgage, Inc., a Savings Bank organized under the laws of the State of Delaware, not this Plaintiff a corporation organized under the laws of New York.

**Seventeenth Affirmative Defense**

The original note of Defendant has been lost and cannot be enforced.

**Eighteenth Affirmative Defense**

Defendants deny that this plaintiff has stated a cause of action for foreclosure because on the date this lawsuit was filed the Plaintiff was not the true owner of the claim sued upon, is not the real party in interest and is not shown to be authorized to bring this foreclosure action.

**Nineteenth Affirmative Defense**

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

**Twentieth Affirmative Defense**

There is no chain of title of the mortgage assigning it to the Plaintiff, by duly executed assignments of the mortgage and endorsements of the note.

### Twenty First Affirmative Defense

The Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court. As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable.

### Twenty Second Affirmative Defense

Plaintiff lacks proper standing to bring a cause of action and reestablish the promissory note pursuant to R.I.G.L.§§ 6A-3-301, 6A-3-305, 6A-3-308, and 6A-3-309.

### Twenty Third Affirmative Defense

Plaintiff did not accelerate the mortgage, prior to the filing of this action.

### Twenty Fourth Affirmative Defense

The Plaintiff did not allege that it was the owner of the mortgage and the owner of the promissory note or was acting as an agent for the owner of the note.

### Twenty Fifth Affirmative Defense

The Defendants plead the affirmative defense of the Statute of Limitations regarding any action on the promissory note.

### Twenty Sixth Affirmative Defense

The Defendants plead the affirmative defense of estoppel and Judicial Estoppel due to the claims and assertions in Newport Superior Court case number NC 2016-0027.

    Wherefore Defendant demands Judgment in its favot plus attorney fees and costs.

PAUL O. BOGHOSSIAN, III
DAVID M. BOGHOSSIAN
DAVID M. BOGHOSSIAN AS TRUSTEE OF
THE ALEXANDER CHANDLER BOGHOSSIAN TRUST
DAVID M. BOGHOSSIAN AS TRUSTEE
OF THE ELIZABETH ARDEN BOGHOSSIAN TRUST
JENNIFER BOGHOSSIAN

By their Attorney,

                                                        February 9, 2020

<u>/s/ John B. Ennis</u>
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401)943-9230
Jbelaw75@gmail.com

Defendants demand a Trial by Jury

### CERTIFICATE OF SERVICE

I hereby certify that I emailed a copy of this Answer to Krystle Tadesse, Joseph Farside and Jeffrey Ankrom on February 9, 2020

<u>/s/ John B. Ennis</u>