UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIMORTGAGE, INC. | : |
|         Plaintiff | : |
| v. | :    C.A. No. 19-cv-00604-MSM |
| PAUL O. BOGHOSSIAN, III; DAVID M. BOGHOSSIAN; DAVID M. BOGHOSSIAN, TRUSTEE OF THE ALEXANDER CHANDLER BOGHOSSIAN TRUST; DAVID M. BOGHOSSIAN, TRUSTEE OF THE ELIZABETH ALDEN BOGHOSSIAN TRUST; DAVID M. BOGHOSSIAN, TRUSTEE OF THE CHRISTOPHER CUSHMAN BOGHOSSIAN TRUST; DAVID M. BOGHOSSIAN, CUSTODIAN UNDER RHODE ISLAND UNIFORM TRANSFERS TO MINORS ACT FOR ALEXANDER CANDLER BOGHOSSIAN; DAVID M. BOGHOSSIAN, CUSTODIAN UNDER RHODE ISLAND UNIFORM TRANSFERS TO MINORS ACT FOR CHRISTOPHER CUSHMAN BOGHOSSIAN; DAVID M. BOGHOSSIAN, CUSTODIAN UNDER RHODE ISLAND UNIFORM TRANSFERS TO MINORS ACT FOR ELIZABETH ALDEN BOGHOSSIAN; AND JENNIFER C. BOGHOSSIAN | : |
|         Defendants | : |

## OBJECTION TO MOTION TO ENLARGE DEADLINES

Plaintiff CitiMortgage, Inc. ("Plaintiff") objects to Defendants' *Emergency Motion to Enlarge Deadlines Set Forth in Scheduling Order* ("*Motion*") filed on February 12, 2021. The *Motion* does not provide good cause for a further extension of the date to close factual discovery and is simply the Defendants' latest attempt to delay a lawful foreclosure of a mortgage that has been in default **for nearly nine years** – since July 1, 2012. Plaintiff respectfully requests that the Court deny the *Motion*. As grounds therefor, Plaintiff states the following:

91327345v.2

A.     **Defendant Repeatedly Delayed Discovery**

Throughout this case, the Defendants have not conducted discovery with a modicum of reasonable diligence. On March 9, 2020, after holding a Rule 16 Conference, this Court entered a standard six-month scheduling order that stated, "[f]actual Discovery to be completed by 9/9/2020." The parties' initial disclosures were due on March 23, 2020, fourteen days after the Rule 16 Conference. *See Fed. R. Civ. P*. 26(a)(1)(C). Defendants did not provide their initial disclosures until June 29, 2020, more than three months after the Rule 16 Conference and only after repeated requests from undersigned counsel.

On July 13, 2020, two weeks after receiving Defendants' initial disclosures, Plaintiff served interrogatories and requests for production on Defendants. This Court had to extend the discovery deadline twice, on August 20, 2020 and again on October 1, 2020, because Defendants failed to timely respond to Plaintiff's interrogatories and requests for production. In its October 1, 2020 order, which extended the factual discovery deadline to December 9, 2020, this Court stated, "[t]he Court is Disinclined to Grant a Further Extension of this Deadline." Defendants' own delays in responding to the initial disclosures and Plaintiff's discovery requests is the cause of the delay in this case of which they now complain.

B.     **Defendants Waited Eight Months Before Commencing Discovery**

In addition to delaying responses to Plaintiff's discovery requests, Defendants delayed sending their own discovery requests. In the nearly **eight months** following the March 9, 2020, Rule 16 conference, Defendants conducted **no discovery**.[1] For no explicable reason, Defendants waited until November 5, 2020, a mere 34 days before the twice-extended deadline for factual

---

[1] As discussed below, Defendants made a request on June 28, 2020, that Plaintiff produce the original promissory note executed by the Defendants. This was the only attempt at discovery prior to November 5, 2020.

91327345v.2

discovery, before sending interrogatories, requests for production, and requests for admissions to Plaintiff ("Discovery Requests").  A copy of the Discovery Requests with Plaintiff's objections and responses is attached hereto as **Exhibit A**.  Defendants' eight-month delay in commencing discovery following the Rule 16 conference is sufficient grounds to deny another extension to Defendants.

C.   **Plaintiff Properly Responded to Defendants' Discovery Requests**

Despite Defendants' long delay in sending the Discovery Requests, Plaintiff fully responded, subject to proper objections, on January 5, 2021.  Plaintiff has produced ***3,107*** bates-stamped pages of documentation concerning the Note and Mortgage, including the complete loan history dating back to 2009 (three years before the July 1, 2012 default).  Plaintiff responded more than a month before the extended discovery deadline of February 14, 2021, giving Defendants sufficient time to review Plaintiff's objections and seek the Court's assistance if necessary.

Defendants' Discovery Requests contained numerous objectionable requests, including multiple requests seeking the engagement agreement and other communications between Plaintiff and the undersigned counsel and/or Harmon Law Offices, P.C.  *See, e.g.*, Interrogatory No. 22; and Requests for Production Nos. 21, 31, 50, 51.  Numerous requests were confusing, vague, or overly broad, requiring objections to ensure that the Plaintiff's responses thereto were accurate and complete.  *See, e.g.*, Interrogatory Nos. 8, 9, 10, 12, 17, 23, 24.  Numerous requests sought historical information about the sale or possession of the Note (*see, e.g.*, Interrogatory Nos. 4, 5, 6, 7, 13, 15 and Requests for Production Nos. 23, 25-27, 31-42), even though there is no genuine dispute that (1) CitiMortgage is the mortgagee; (2) CitiMortgage holds the original promissory Note which is endorsed in blank; and (3) the Note is owned by M&T Bank f/k/a Hudson City Savings Bank, for whom CitiMortgage acts as an agent.

D.     **Plaintiff Invited Defendants' Counsel to View the Note – Without Response**

In addition, Plaintiff promptly responded to Defendants' request that Plaintiff produce the original note executed by the Defendants.[2] On June 28, 2020, before Defendants made any other discovery request, Defendants sent Plaintiff a request to inspect the original note executed by the Defendants. Plaintiff transferred the original promissory note to Locke Lord LLP on July 10, 2020. The undersigned personally viewed the original note[3] and created a high-quality color scan, which the undersigned sent to Defendants' counsel via email twice, on July 13 and July 30, 2020. Defendants' counsel did not identify any reason to doubt that the high-quality color scan of the note was in fact a scan of the original note. In an August 3, 2020 email, the undersigned invited Defendants' counsel to come to Locke Lord's office to view the note, but Defendants' counsel did not respond to this invitation. After providing multiple opportunities for Defendants' counsel to view the original note, and providing a high-quality color scan, the undersigned returned the note to Plaintiff on or about August 13, 2020.

On January 28, 2021, Defendants' counsel again requested that their potential expert witness be permitted to inspect the original note, after receiving a negative COVID-19 test result. Even though possession of the Note is irrelevant, Plaintiff promptly agreed on February 1, 2021 to allow Defendants' counsel and a potential expert witness from out of state to view the Note, subject

---

[2] The Rhode Island Supreme Court and the United States District Court of Rhode Island have repeatedly held that a mortgagee does not need to possess the note in order to foreclose on a property. *Pimentel v. Deutsche Bank Nat'l Trust Co.*, 174 A.3d 740, 745 (R.I. 2017); *Avedisian v. Select Portfolio Servicing, Inc.*, No. CV 16-654S, 2017 WL 6334123, at *5 (D.R.I. Aug. 29, 2017), report and recommendation adopted, No. CV 16-654 WES, 2017 WL 6343644 (D.R.I. Dec. 11, 2017). However, Plaintiff agreed to produce the original note for discovery purposes.

[3] This Court previously granted summary judgment on an affidavit from an attorney who viewed the original note. *St. Amour v. Fed. Home Loan Mortg. Corp.*, 2020 WL 3964855, at *3 (D.R.I. July 13, 2020) ("a promissory note, being commercial paper, is self-authenticating under Federal Rule of Evidence 902(9), and need not be independently authenticated").

to COVID-related office procedures at an agreed-upon date. Defendants' counsel again did not respond to this invitation and did not propose any dates to conduct the inspection.

E. **Defendants Made No Effort to Schedule Plaintiff's Deposition in the Discovery Period**

Plaintiff repeatedly attempted to coordinate the deposition of the Plaintiff before the expiration of the discovery period. The undersigned emailed Defendants' counsel on December 21, 2020 to request the list of topics under *Fed. R. Civ. P.* 30(b)(6) and a date for the deposition in the first or second week of February. Defendants did not respond to the December 21, 2020 email. The undersigned again emailed Defendants' counsel on January 18, 2021 to request a list of topics and proposed dates prior to the discovery deadline. Defendants' counsel again did not respond and did not make any effort to schedule Plaintiff's deposition within the discovery deadline.

F. **All Relevant Discovery is Complete**

All relevant discovery in this matter is complete. The undisputed evidence will show that CitiMortgage has standing to foreclose because it is the mortgagee; that Defendants have defaulted on the subject mortgage by failing to make the payments due July 1, 2012, and all subsequent payments thereafter; that Plaintiff sent a notice of default in compliance with Paragraph 22 of the subject mortgage on July 11, 2019; and that Defendants have not cured the default. Thus, it is likely that this Court will enter appropriate orders of summary judgment in Plaintiff's favor and order a foreclosure sale of the subject property.

Being unable to dispute the material facts of this case, Defendants seek to run Plaintiff and this Court down a "rabbit hole of baseless suspicion" about topics that bear no relevance to the claims or proper defenses. *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 356 & n.6 (1st Cir. 2013). The discovery period should properly close.

WHEREFORE, Plaintiff respectfully requests that the Court deny the *Motion*.

        CITIMORTGAGE, INC.

        By its Attorneys,

        */s/ Jeffrey C. Ankrom*
        Joseph A. Farside, Jr., Esq. (#7559)
        Krystle G. Tadesse, Esq. (#7944)
        Jeffrey C. Ankrom, Esq (#7663)
        LOCKE LORD LLP
        2800 Financial Plaza
        Providence, RI 02903
        (401) 274-9200
        (401) 276-6611 (fax)
        joseph.farside@lockelord.com
        krystle.tadesse@lockelord.com
        jeffrey.ankrom@lockelord.com

Dated: February 15, 2021

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 15th day of February, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

        /s/ Jeffrey C. Ankrom

91327345v.2